Mr. Chief Justice ShaRkey
delivered the opinion of the court.
Smith presented his petition to the probate court, as 'joint owner of a house and lot with Craig, and prayed, as the same could not be equally divided, that an order of sale might be made according to the statute. Craig answered, and admitted that they were joint purchasers of the lot at sheriff’s sale, but denied Smith’s right to have partition or sale, because of his want of possession, and because Craig claimed a right to the lot, having, as a creditor of the original owner, redeemed or offered to redeem of Smith. He also stated that he had sold an *450 undivided half to Price, whereupon a supplemental petition was filed, by which Price was made a party. The court dismissed the petition for want of jurisdiction.
The law on which this case must depend, is, we think, free from just grounds of doubt. We find that the statutes on this subject have been modified, and the question is, how does the law now stand T
The act of 1822 conferred power on the judges of the supreme court, the chancellor and the presiding justices of the county courts to make partition of lands held by coparceners, joint tenants, or tenants in common, in the manner therein prescribed. The next act on the subject is that of 1833, (Acts of December, 1833, 29, sec. 2,) which provides “that the powers and jurisdiction heretofore invested in the presiding justices of the county courts, by an act, entitled “ an act concerning the partition of land held by coparceners, joint tenants, and tenants in common,” passed 10th June, 1832, (which is a mistake in date, and should have been 1822,) shall pertain to and be invested in the judges of probate of the several counties of this state, and that all matters and proceedings, which, by virtue of said act, were required to be recorded in the clerk’s office of the county courts, shall be regularly recorded in the office of the clerk of the probate courts of the counties respectively where such proceedings shall be had.” This act seems to do nothing more than to substitute the judge of probate for the presiding justice of the county court. This was not a power or jurisdiction vested in the county courts, which consisted of three judges, but it was conferred on the presiding justice, just as it was on the judges of the supreme court, and the chancellor, by special commission, and not as a matter cognizable in their respective courts.
The law in relation to the estates of decedents, provides for a division of the land amongst the heirs. H. & H. 412, sec. 89. And if the land cannot be divided it shall be sold. Ibid. 409, sec. 79. The act of December, 1833, contains a further provision for the partition of land amongst joint tenants, tenants in common and coparceners, or rather for the sale of land so held *451 when it cannot be divided. Act of December, 1833 - 46, sec. 1. This act evidently applies only to cases in which, by the death of a joint tenant, tenant in common, or coparcener, his land may descend to his minor heirs. It provides that the proceeds of sale shall be divided between the parties interested therein and the representatives of a deceased party. It is an act, moreover, amendatory of the law in relation to last wills and testaments, and of administration. These last mentioned acts give jurisdiction to the probate courts, but they evidently apply only to the land of a deceased person.
The only laws then on the subject of partition are the two first mentioned, and they confer power only on the persons therein named. The judge of probate has the power to order partition, if the legislature could give it to him, but the probate-court has not such jurisdiction; it was not given to it by the constitution, which confers on it jurisdiction in all matters testamentary, and of administration in orphan’s business and the allotment of dower, in cases of idiocy and lunacy, and of persons non compos mentis. This application for partition falls under neither of these heads. What seems to be conclusive on this subject is, that the law of 1822 gives a party dissatisfied with the partition, made according to its provisions, a right to have the matter reexamined by bill in chancery, thus referring the matter for review to that court to which it primarily belonged, as a branch of its concurrent jurisdiction. In a case like the present, where division cannot be made, the remedy was in chancery alone, where compensation could be decreed. This statutory proceeding is a substitute for the common law writ of partition, which did not issue from the courts which possessed similar jurisdiction to our probate courts, but from the common law courts.
Another provision of the statute of 1833, from which this jurisdiction is claimed for the probate court, may be mentioned as showing the meaning of the legislature. It directs that the proceedings in partition, which by the previous law were to be recorded in the office of the county court, should be recorded in the office of the clerk of the probate court. Such a direction *452 would have been wholly unnecessary, if it had been deemed a matter of jurisdiction with the court. Then it would have been the duty of the clerk to record the proceedings had in such cases, under the general law regulating his duty on that subject.
If then partition be not a matter pertaining to the jurisdiction of the probate court as a court, no appeal or writ of error can be taken, and the case is improperly brought up. The court had not jurisdiction of the subject-matter.
This point was not raised by counsel, but it is one which cannot be overlooked, as it lies at the foundation of our right to decide the case.
It is probable that this reason did not operate on the mind of the court below in dismissing the case for want of jurisdiction. The controverted state of the title or right seems to have been the reason on which the court refused to take jurisdiction. In this we might differ with the court, but we cannot reverse a correct judgment, although it may have been given on a wrong reason.
The question of partition was before this court in the case of Ingram v. War, 5 S. & M. 746. The attention of the court was not then directed to this question of jurisdiction in the probate court, probably for the reason that it could have no application in that case, as the land had descended to one of the claimants, and there were minor heirs. It was clearly a case within the jurisdiction of the probate court, and we mention it merely in order to point to the distinction. We then dismissed the petition on the merits of the case.
Judgment affirmed.